# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**NIGEL JENKINS, #72073**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 1:08-cv-353-LG-RHW**

**MIKE BYRD and JACKSON COUNTY BOARD OF SUPERVISORS**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. On August 6, 2008, Plaintiff Jenkins, an inmate incarcerated at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Mike Byrd and the Jackson County Board of Supervisors. Plaintiff is seeking monetary damages as relief. Upon liberal review of the Complaint and Response [16] filed, the Court has reached the following conclusions.

### Background

In 2005, Plaintiff litigated a § 1983 case in this Court against Defendant Mike Byrd, complaining that Defendant Byrd failed to protect him from a 2003 physical and sexual assault by another inmate that occurred when Plaintiff was housed at the Jackson County Adult Detention Center. *Jenkins v. Byrd*, 1:05-cv-210-RHW (S.D. Miss. Jan. 16, 2007). Following a screening hearing and motion for summary judgment by Defendant Byrd, the Court entered judgment dismissing the case with prejudice on January 16, 2007. *Id.* Plaintiff did not file an appeal.

In the instant case before the Court, Plaintiff alleges the same claims regarding the 2003 assault, arguing that the Defendants failed to protect him from the 2003 assault in violation of his constitutional rights.

After initial review of the Complaint filed, United States Magistrate Judge Robert H. Walker entered an Order [11] advising Plaintiff about malicious filings and the consequences of his case being dismissed as malicious. The Order [11] provided the Plaintiff with an opportunity to voluntarily dismiss this case or file a response showing cause why this case should not be dismissed as malicious. On January 26, 2009, Plaintiff filed his Response [16] to the Court's Order [11], wherein he reasserts his argument that his constitutional rights were violated by the Defendants failure to protect him from this 2003 assault. Further, he states that he wishes to continue with this case.[1]

## Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on

---

[1]The Court notes that on May 22, 2008, Plaintiff filed a Motion [24] in civil action number 1:05-cv-210-RHW, seeking the reopening of that case. This Motion was denied by an Order [25] entered on June 26, 2008.

2

an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915.

If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989). The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). As stated above, the PLRA provides that "the court shall dismiss the case at any time" if the Court determines that it is frivolous or malicious. Title 28 U.S.C. § 1915(e)(2)(B)(i).

The claims in Plaintiff's previous case and the claims asserted in this case are substantively identical and clearly arise from the same set of facts - the 2003 assault at the

Jackson County Adult Detention Center. The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Therefore, this Court concludes that the allegations asserted in this Complaint are malicious and should be dismissed.

## Conclusion

As discussed above, the Plaintiff's repetitive allegations are malicious and will be dismissed pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(i). Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."